UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No.

CESAR GUSTAVO BARBOZA, and other )
similarly situated individuals, )
)
         Plaintiff, )
)
v. )
)
VERSACE BERTONI GELATO LLC d/b/a )
KONOS; GV AVENTURA LLC d/b/a KONOS; )
GV SUNNYISLES LLC d/b/a KONOS; and )
STEFANO VERSACE, )
)
         Defendants. )

**COMPLAINT**
**(OPT-IN PURSUANT TO 29 U.S.C § 216(B))**

Plaintiffs, CESAR GUSTAVO BARBOZA ("Plaintiff") and other similarly situated individuals, sue the Defendants, VERSACE BERTONI GELATO LLC d/b/a KONOS; GV AVENTURA LLC d/b/a KONOS; GV SUNNYISLES LLC d/b/a KONOS ("Corporate Defendants"); and STEFANO VERSACE ("Individual Defendant") (collectively the "Defendants") and allege:

**VENUE AND JURISDICTION**

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. All conditions precedent to bringing this action have occurred, been performed or been excused.



www.saenzanderson.com

3. Plaintiff is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the FLSA.

4. VERSACE BERTONI GELATO LLC d/b/a KONOS; GV AVENTURA LLC d/b/a KONOS; and GV SUNNYISLES LLC d/b/a KONOS; (the "Corporate Defendants"), are a Florida company and a Florida resident, respectively, having their main place of business in Miami-Dade County, Florida, where Plaintiff worked for Defendants, and at all times material hereto were and are engaged in providing food items and services in Miami-Dade County, Florida The Individual Defendant, upon information and belief, resides in Miami-Dade County, Florida, and is an owner, officer and/or director of the Corporate Defendants.

5. At all times material to this complaint, Corporate Defendants engaged in interstate commerce.

6. The Corporate Defendants share common ownership, common management, centralized control of labor relations, and common offices and interrelated operations. The Corporate Defendants are an integrated enterprise under the FLSA. Alternatively, each company is an enterprise under the FLSA.

7. The Corporate Defendants share employees or interchange employees; work in the direct interest of one another; and their employees are in the common control of both companies. The Corporate Defendants are joint employers. Alternatively, each company is an enterprise under the FLSA.

8. Each Corporate Defendant is sued individually, as a joint enterprise, as joint employers, and as agent of each other.



www.saenzanderson.com

9. Plaintiff has retained the undersigned counsel in order that his rights and interests may be protected. Plaintiff has become obligated to pay the undersigned a reasonable attorneys' fee.

### COUNT I: WAGE AND HOUR VIOLATION BY CORPORATE DEFENDANTS (OVERTIME)

10. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-3 above as if set out in full herein.

11. This action is brought by Plaintiff and those similarly situated to recover from the Corporate Defendants unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorneys' fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. Section 207(a)(1) of the Act states: "No employer shall employ any of his employees . . . for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

12. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). The Corporate Defendants is and, at all times pertinent to this Complaint, was engaged in interstate commerce. At all times pertinent to this Complaint, the Corporate Defendants operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Corporate Defendants obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with



www.saenzanderson.com

respect to its employees. Upon information and belief, the annual gross revenue of the Corporate Defendants was at all times material hereto in excess of $500,000 per annum, and/or Plaintiff and those similarly situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

13. By reason of the foregoing, the Corporate Defendants is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the Act, and/or Plaintiff and those similarly situated was/were and/or is/are engaged in interstate commerce for the Corporate Defendants. The Corporate Defendants' business activities involve those to which the Act applies. The Corporate Defendants is an ice cream factory wholesaler/retailer and, through its business activity, affects interstate commerce. The Plaintiff's work for the Corporate Defendants likewise affects interstate commerce. Plaintiff was employed by the Corporate Defendants as an assistant for the Corporate Defendants' business.

14. Between June 10, 2019, and July 17, 2020, Plaintiff worked in excess of 40 hours in a workweek without being compensated at the rate of not less than one- and one-half times the regular rate at which he was employed. Plaintiff was employed as a production worker and pizza maker, performing the same or similar duties as that of those other similarly situated production workers and pizza makers whom Plaintiff observed working in excess of 40 hours per week without overtime compensation.

15. Plaintiff worked for the Corporate Defendants from approximately June 10, 2019 to July 17, 2020. In total, Plaintiff worked approximately 55 compensable weeks under the Act, or 55 compensable weeks if counted 3 years back from the date of the filing of the instant action.


www.saenzanderson.com

16. From June 10, 2019 until March 15, 2020, Plaintiff worked approximately an average of 78 hours per week without being compensated at the rate of not less than one- and one-half times the regular rate at which he was employed. Plaintiff was employed as a production worker and pizza maker, performing the same or similar duties as that of those other similarly situated production workers and pizza makers whom Plaintiff observed working in excess of 40 hours per week without overtime compensation.

17. Plaintiff worked as a production worker and pizza maker, for the Corporate Defendants from approximately June 10, 2019 to March 15, 2020. In total, Plaintiff worked approximately 40 compensable weeks under the Act, or 40 compensable weeks, approximately an average of 78 hours per week without being compensated at the rate of not less than one- and one-half times the regular rate at which he was employed.

18. The Corporate Defendants paid Plaintiff on average approximately $1,100.00 per week, or $14.10 per hour, from approximately June 10, 2019 to March 15, 2020.

19. However, from approximately June 10, 2019 to March 15, 2020, the Corporate Defendants did not properly compensate Plaintiff for hours that Plaintiff worked in excess of 40 per week.

20. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of his unpaid overtime wages, from approximately June 10, 2019 to March 15, 2020, is as follows:

| START DATE FOR COMPENSABLE WEEKS | 6/10/2019 |
|---|---|
| END DATE FOR COMPENSABLE WEEKS | 3/15/2020 |
| TOTAL COMPENSABLE WEEKS | 40 |
| WEEKLY RATE | $1,100.00 |



www.saenzanderson.com

| HOURLY RATE | $14.10 |
|---|---|
| WEEKLY HOURS WORKED | 78 |
| OVERTIME RATE | $7.05 |
| WEEKLY OT HOURS WORKED | 38 |
| OVERTIME (ACTUAL DAMAGES) | $10,720.00 |
| OVERTIME (LIQUIDATED DAMAGES) | $10,720.00 |
| DAMAGES | $21,440.00, plus attorneys' fees and costs |

21. Similarly, starting March 16, 2020 until July 17, 2020, Plaintiff worked as a production worker and pizza maker, approximately an average of 50 hours per week without being compensated at the rate of not less than one- and one-half times the regular rate at which he was employed. In total, Plaintiff worked approximately 15 compensable weeks under the Act, or 15 compensable weeks if counted 3 years back from the date of the filing of the instant action.

22. From March 16, 2020 until July 17, 2020, Corporate Defendants paid Plaintiff on average approximately $900.00 every two weeks, or $9.00 per hour.

23. However, from March 16, 2020 until July 17, 2020, the Corporate Defendants did not properly compensate Plaintiff for hours that Plaintiff worked in excess of 40 per week.

24. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of his unpaid overtime wages, from approximately March 16, 2020 until July 17, 2020, is as follows:

| START DATE FOR COMPENSABLE WEEKS | 3/16/2020 |
|---|---|
| END DATE FOR COMPENSABLE WEEKS | 7/17/2020 |
| TOTAL COMPENSABLE WEEKS | 15 |



www.saenzanderson.com

| WEEKLY RATE | $900.00 |
| --- | --- |
| HOURLY RATE | $9.00 |
| WEEKLY HOURS WORKED | 50 |
| OVERTIME RATE | $4.50 |
| WEEKLY OT HOURS WORKED | 10 |
| OVERTIME (ACTUAL DAMAGES) | $675.00 |
| OVERTIME (LIQUIDATED DAMAGES) | $675.00 |
| DAMAGES | $1,350.00, plus attorneys' fees and costs |

25.   The total sum of Plaintiff's damages, prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, for his unpaid overtime wages, from approximately June 10, 2019 to July 17, 2020, is approximately **$22,790.00, plus reasonable attorneys' fees and costs**.

26.   Plaintiff seeks to recover unpaid overtime wages accumulated from the date of hire and/or from 3 (three) years back from the date of the filing of this Complaint.

27.   At all times material hereto, the Corporate Defendants failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Corporate Defendants to properly pay them at the rate of time-and-a-half for all hours worked in excess of forty hours (40) per workweek as provided in the Act. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of the Corporate Defendants who are and who were subject to the unlawful payroll practices and procedures of the Corporate Defendants and were not paid time-and-a-half of their regular rate of pay for all overtime hours worked in excess of forty per week.



www.saenzanderson.com

28. The Corporate Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages and remains owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's and those similarly situated employees' employment with the Corporate Defendants as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages. The Corporate Defendants never posted any notice, as required by Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

29. The Corporate Defendants willfully and intentionally refused to pay Plaintiff overtime wages as required by the laws of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with the Corporate Defendants as set forth above.

30. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff and those similarly situated request that this Honorable Court:

A. Enter judgment for Plaintiff and others similarly situated and against the Corporate Defendants on the basis of the Corporate Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and



www.saenzanderson.com

8

E. Grant such other and further relief as this Court deems equitable and just.

## JURY DEMAND

Plaintiff and those similarly situated demand trial by jury of all issues so triable as of right.

## COUNT II: WAGE AND HOUR VIOLATION BY STEFANO VERSACE (OVERTIME)

31. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-30 above as if set out in full herein.

32. At the times mentioned, the Individual Defendant was, and is now, the Owner and/or Officer of the Corporate Defendants. The Individual Defendant was an employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the Act in that this defendant acted directly or indirectly in the interests of the Corporate Defendants in relation to the employees of the Corporate Defendants, including Plaintiff and others similarly situated. The Individual Defendant had operational control of the Corporate Defendants, was involved in the day-to-day functions of the Corporate Defendants, provided Plaintiff with his work schedule, and is jointly liable for Plaintiff's damages.

33. The Individual Defendant is and was at all times relevant a person in control of the Corporate Defendants' financial affairs and could cause the Corporate Defendants to compensate (or not to compensate) its employees in accordance with the Act.

34. The Individual Defendant willfully and intentionally caused Plaintiff not to receive overtime compensation as required by the laws of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with the Corporate Defendants as set forth above.



www.saenzanderson.com

35. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff and those similarly situated request that this Honorable Court:

A. Enter judgment for Plaintiff and others similarly situated and against the Individual Defendant on the basis of the Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just.

**JURY DEMAND**

Plaintiff and those similarly situated demand trial by jury of all issues so triable as of right.

**COUNT III: COMMON LAW UNPAID WAGES
UNDER FLORIDA STATUTES, SECTION 448.08**

36. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-30 above as if set out in full herein.

37. Plaintiff worked as a production worker and pizza maker for the Corporate Defendants from approximately June 10, 2019, to July 17, 2020. Plaintiff's rate of pay was, at first, $1,100.00 per week, and then $900 per week.



www.saenzanderson.com

10

38. The Corporate Defendants failed to pay Plaintiff wages due to him. Specifically, the Corporate Defendants failed to compensate Plaintiff for his last ten (10) days of employment.

39. Corporate Defendants breached the Plaintiff's employment agreement by failing to pay wages due to Plaintiff for services provided and performed under their agreement for his last ten (10) days of employment.

40. Corporate Defendants breached the agreement with Plaintiff by failing to properly pay Plaintiff for all hours worked.

41. Pursuant to Section 448.04 Florida Statutes, Plaintiff is entitled to recover costs of this action and reasonable attorney's fees.

## COUNT IV: BREACH OF CONTRACT

42. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-30 above as if set out in full herein.

43. At all times material hereto, Plaintiff was an employee of the Corporate Defendants.

44. Plaintiff was employed by the Corporate Defendants as a production worker and pizza maker.

45. Plaintiff worked as a as a production worker and pizza maker for the Corporate Defendants from approximately June 10, 2019 through July 1, 2020.

46. Plaintiff worked for the Corporate Defendants from approximately June 10, 2019 through July 1, 2020. Plaintiff's rate of pay was approximately $15. per hour from about June 10, 2019 through March 15, 2020, and approximately $9.00 per hour from about March 16, 2020 through July 1, 2020.

47. Plaintiff fulfilled his end of the verbal agreement.


www.saenzanderson.com

11

48. Corporate Defendants breached the agreement and did not pay Plaintiff for at least 100 hours of work.

49. As a result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff demands judgment against the Corporate Defendants for the following:

    a. Unpaid wages found to be due and owing;

    b. Prejudgment interest;

    c. Award of reasonable attorney's fee and costs pursuant to Fla. Stat. § 448.08; and

    d. Such other relief as this Court deems just and equitable.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable on each count as of right.

## COUNT IV: ENFORCEMENT OF MIAMI DADE JUDGMENT

50. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-30 above as if set out in full herein.

51. This Court has supplemental jurisdiction to hear this count pursuant to 28 U.S.C. §1367 based on §22.3 Code of Miami Dade County.

52. Section 22.3 Code of Miami Dade County states: "For any employer to fail to pay any portion of wages due to an employee, according to the wage rate applicable to that employee, within a reasonable time from the date on which that employee performed the work for which those wages were compensation, shall be wage theft; and such a violation shall entitle an employee, upon a finding by a hearing examiner appointed by Miami-Dade County or by a court of competent



jurisdiction that an employer is found to have unlawfully failed to pay wages, to receive back wages in addition to liquidated damages from that employer."

53. Section 25-5(2)(f) states: "Respondents that fail to comply with and satisfy in full the obligations of a Final Order within 45 days of its issuance or that fail to comply with and satisfy in full the obligations of any subsequent order, shall be liable for the assessment of reasonable attorney's fees and costs incurred to collect any amounts under the Final Order and any subsequent order upon a request for payment of such attorney's fees and costs by a claimant pursuant to this Section."

54. Corporate Defendants willfully and intentionally refused to pay Plaintiff's applicable wages as required by § 22.3 Code of Miami Dade County.

55. Plaintiff made a complaint pursuant to § 22.3 Code of Miami Dade County and on August 5, 2021, Plaintiff was awarded a Judgment against Corporate Defendants in the total amount of $2,582.00, plus 4.1% interests.

56. As of the date of the filing of this action, Corporate Defendant willfully and intentionally failed to satisfy the obligations of the court's order.

57. As a result of Defendants' breach, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands judgment against the Corporate Defendants for attorney's fees, back wages, liquidated damages, and treble damages from the start of Plaintiff's employment or as much as is allowed by law, whichever is greater along with court costs, interests, and any other relief that this Court finds reasonable under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable on each count as of right.



www.saenzanderson.com

Dated: September 24, 2021.

                                                Respectfully submitted,

                                                By: /s/ Tanesha W. Blye
Tanesha Walls Blye, Esquire
Fla. Bar No.: 738158
Email: tblye@saenzanderson.com
Aron Smukler, Esquire
Fla. Bar No.: 0297779
Email: asmukler@saenzanderson.com
R. Martin Saenz, Esquire
Fla. Bar No.: 0640166
Email: msaenz@saenzanderson.com
SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549



www.saenzanderson.com

14